IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF ROSE SKY TOLBERT,
by and through Personal Representative,
THEODORE BARUDIN, ESQ., and
PHILLIP TOLBERT AND CHARLENE
SUINA, Individually,

       Plaintiffs,

v.

                               No. 19-CV-830 JB/LF

THE UNITED STATES OF AMERICA,

       Defendant.

**DEFENDANT UNITED STATES' MOTION FOR PARTIAL
DISMISSAL, OR IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT ON PLAINTIFFS' LOSS OF CONSORTIUM CLAIMS**

      Pursuant to Federal Rule of Civil Procedure 12(c), Defendant United States of America, by its undersigned counsel, respectfully moves this Court to dismiss the loss of consortium claims of Plaintiffs Charlene Suina and Philip Tolbert because neither has articulated such a claim as required under Rule 8(a)(2). In the alternative, pursuant to Federal Rule of Civil Procedure 56, the United States respectfully moves this Court to grant summary judgment on both Plaintiffs' claims for loss of consortium resulting from the death of their daughter, Rose Sky Tolbert ("Baby Tolbert"), as their respective claims fall short of the required standards of proof under New Mexico law.[1]

      Baby Tolbert died within three hours of her birth and before her father, Plaintiff Tolbert, could reach the hospital where she was born. Baby Tolbert's mother, Plaintiff Suina, saw her for only a few minutes after her cesarean section delivery. Plaintiffs' Complaint to Recover Damages

---

[1] Pursuant to D.N.M.LR-Civ. 7.1(a), on May 13, 2021, Government counsel notified Plaintiffs' counsel of the United States' intention to file this motion. Plaintiffs are opposed.

for Wrongful Death and Loss of Consortium Arising from Medical Negligence ("Complaint") makes a single reference to the existence of any loss of consortium claim – only in the title of the pleading. Doc. 1. It makes no factual allegations in support of the claim and does not specify whether the claim is being asserted by one or both of Baby Tolbert's parents. The absence of an articulated claim by either Plaintiff leaves no basis on which to evaluate the legal or factual sufficiency of any such claims, and such claims are thus subject to dismissal.

Even assuming that one or both of Baby Tolbert's parents sufficiently articulated a claim for loss of consortium, each Plaintiff must have evidence that their respective relationships with Baby Tolbert were sufficiently close and mutually dependent, in addition to showing that each was a reasonably foreseeable claimant. In most cases alleging medical malpractice resulting in the death of a child, it is likely that one or both parents may be foreseeable plaintiffs. But given the unfortunately brief duration of Baby Tolbert's life, neither parent had an opportunity to form the close relationship with her that would allow either to pursue damages for loss of consortium. As a result, summary judgment should be granted in favor of the United States.

### UNITED STATES' UNDISPUTED MATERIAL FACTS ("UMF")

1. Plaintiff Charlene Suina gave birth to Baby Tolbert on September 9, 2017 at Gallup Indian Medical Center ("GIMC") in Gallup, New Mexico. Doc. 1 ¶¶ 5, 45.

2. Baby Tolbert died within three hours of her birth on September 10, 2017. *Id.* ¶¶ 1, 5, 33.

3. Plaintiff Suina briefly saw Baby Tolbert after she was born and before undergoing a tubal ligation procedure. *Id.* ¶ 20; *see also* Excerpts of Dep. of Charlene Suina, attached hereto as Ex. A, at 123:2-21.

4. Plaintiff Suina was not present with Baby Tolbert when the infant stopped breathing and died shortly after her birth. Ex. A at 123:22-125:18.

5. Plaintiff Tolbert, Baby Tolbert's father, was driving on his out-of-state truck route at the time of Baby Tolbert's birth and death. Doc. 1 ¶ 4.

## LEGAL STANDARDS

The United States is entitled to dismissal of Plaintiffs' loss of consortium claims because Plaintiffs have failed to state their claims as required Fed. R. Civ. P. 8(a)(2). The United States is also entitled to summary judgment in its favor because, even if Plaintiffs had properly articulated their loss of consortium claims, neither Plaintiff can demonstrate the required element of a sufficiently close relationship to establish a cognizable loss of consortium claim under New Mexico law.

### A. Dismissal Pursuant to Fed. R. Civ. P. 12(c).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Inadequate pleading allows district courts to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'" *VanMeter v. Briggs*, No. 1:18-CV-00970-RB-JHR, 2020 WL 822967, at *7 (D.N.M. Feb. 19, 2020) (quoting Fed. R. Civ P. 12(b)(6)).[2] "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under 12(b)(6), and is restricted to the content set forth in the pleadings." *Luman v. Balbach Transp. Inc.*, No. 2:20-CB-00200-WJ-CG, 2020 WL 6392765, at *2 (D.N.M. Nov. 2, 2020) (citing *Freeman v. Dep't of Corr.*, 949 F.2d 360, 360 (10th Cir. 1991)). To survive dismissal

---

[2] *See also Jewell v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-02536-KLM, 2020 WL 1627348, at *7 (D. Colo. Feb. 26, 2020) ("Rule 8(a)'s mandate … has been incorporated into the Rule 12(b)(6) inquiry." (quoting *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.* 614 F.3d 1163, 1171 (10th Cir. 2010) (internal quotation marks omitted)).

under Rule 12(b)(6), the facts asserted in the complaint must be sufficient to "state claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim is one whose "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of Rule 8 is to "give the defendant fair notice of what the …claim is and the grounds on which it rests. *Twombly*, 550 U.S. at 555; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("This requirement of plausibility serves not only to weed out the claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also inform the defendant[] of the actual grounds of the claim against [it]."). The Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded, nonconclusory facts as true. *Morris v. Giant Four Corners, Inc.*, 378 F. Supp. 3d 1040, 1051 (D.N.M. 2019) (citing *Iqbal*, 556 U.S. at 678).

### B. Summary Judgment Standard.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is no issue for trial unless there is sufficient evidence to support a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Initially, the moving party has the burden of demonstrating the absence of any issues of material fact. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). The moving party may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. *See* Fed. R. Civ. P. 56(c)(1)(B); *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001).

4

If the moving party meets its burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's claims. *Shapolia*, 992 F.2d at 1036. In attempting to establish the existence of a material factual dispute, the opposing party may not rely upon mere allegations in the pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a material factual dispute exists. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n.11 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient. *Anderson*, 477 U.S. at 252. "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50.

If the nonmoving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *See Celotex Corp.*, 477 U.S. at 322-23. The moving party is therefore entitled to a judgment as a matter of law. *Id.*

## ARGUMENT

**I.     Plaintiffs' Claims for Loss of Consortium Should Be Dismissed for Failure to State a Claim.**

To the extent that either Plaintiff Suina or Plaintiff Tolbert intended to assert a claim for loss of consortium, its mention can be found only in the title of the Complaint. Doc. 1. That title, "Complaint To Recover Damages For Wrongful Death And Loss of Consortium," gives no

indication of whether both of Baby Tolbert's parents intend to pursue the claim, and no further indication can be found in the body of the document. *Id.*

Although a loss-of-consortium claim is derivative of an injury to another person, a plaintiff may bring a stand-alone claim for loss of consortium under New Mexico law "'because loss of consortium claimants suffer a direct injury separate from the physical injury to another.'" *Lucero v. United States*, No. CIV 17-0634 SCY/JHR, 2019 WL 5697882, at *2 (D.N.M. Nov. 4, 2019) (quoting *Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 17, 397 P.3d 1279, 1284). To withstand dismissal, a plaintiff alleging loss of consortium must allege the elements of the underlying tort as well as facts plausibly showing that the injured person was in a sufficiently close relationship with the plaintiff and that the injury harmed the relationship. *See id*. at *2-3.

The Complaint gives a detailed description of the course of care from the time Plaintiff Suina went to GIMC until Baby Tolbert's death, but makes no factual allegations about either Plaintiff Suina's or Plaintiff Tolbert's relationship to Baby Tolbert, or how either relationship would give rise to a claim for loss of consortium. *Id.* In a case alleging wrongful death of an infant within a few hours of birth due to medical negligence against the United States, a plain statement of the legal and factual basis giving rise to the claim is critical. Plaintiffs must establish that the United States is subject to suit for their claims, as well as alleging facts to demonstrate a "sufficiently close relationship" between the decedent and Plaintiffs. *Williams v. Bd. of Regents of the Univ. of N.M.*, No. 13-civ-0479 JB/WPL, 2014 WL 4351533, at *11 (D.N.M. Aug. 18, 2014) (Browning, J.); *see also infra*, section II.

Plaintiffs may contend that because the words "loss of consortium" are found in their Complaint, and because the claims were included in their SF-95 submission required to administratively exhaust the claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§

1346(b), 2401(b), 2671-80, the United States had sufficient notice of their claims. In state court, it may be enough if a plaintiff's loss of consortium claim "'can fairly be inferred from the allegations in the complaint to a sufficient extent.'" *Pauly v. N.M. Dept. of Public Safety*, No. 12-cv-1311 KG/WPL, 2014 WL 12696949, at *4 (D.N.M. Feb. 10, 2014 (quoting *Fitzjerrell v. City of Gallup*, 2003-NMCA-125, ¶ 17, 134 N.M. 492, 497)). But under the federal rules of pleading and in a case where the United States is the defendant, merely articulating the phrase somewhere in the complaint does not satisfy Rule 8(a)(2).

Here, the Complaint fails to adequately plead the legal basis for their claims, in other words, the basis upon which the United States of America has waived its sovereign immunity for such claims. *See id.* (citing *Madrid v. Village of Chama*, 2012-NMCA-071, ¶¶ 16-18, 283 P.3d 871, for the proposition that the plausibility pleading standard in federal court is higher than New Mexico's notice-pleading standard). The Complaint makes no mention whatsoever about either Plaintiff's relationship to Baby Tolbert or how either asserts that the factual circumstances of Baby Tolbert's birth and death establish their loss of consortium claims. *See Lucero*, 2019 WL 5697882, at *3 (holding that a complaint sufficiently pleaded a claim for loss of consortium by alleging that the plaintiff wife was "deprived of the companionship, society, aid, association and comfort of her husband").

Plaintiffs must allege not only the factual predicates for their claims, but also the legal basis under which the United States may be held responsible. In their Complaint, they have done neither. Therefore, the Court should dismiss any purported claim for loss of consortium pursuant to Rule 12(c).

## II. In the Alternative, the Court Should Grant Summary Judgment on Plaintiffs' Loss of Consortium Claims Because Neither Plaintiff Can Demonstrate a Sufficiently Close Relationship Under the Existing Facts.

Though they are the parents of the decedent, Baby Tolbert, Plaintiffs Tolbert's and Suina's loss of consortium claims fail because they cannot establish a required element: Neither Plaintiff can establish a sufficiently close and mutually dependent relationship necessary to pursue the claim.

New Mexico law governs loss of consortium claims. *See* 28 U.S.C. § 1346(b)(1) (providing that "the law of the place where the act or omission occurred" applies to a claim under the FTCA). In New Mexico, a loss of consortium claim is a derivative claim arising from the injury to another. *Williams*, 2014 WL 4351533, at *22 (citing *Brenneman v. Bd. of Regents of Univ. of N.M.*, 2004-NMCA-003, ¶ 9, 84 P.3d 685, 687). In order to prevail, a plaintiff must establish two elements: 1) the existence of sufficiently close relationship with the decedent, and 2) that it was foreseeable that the relationship between the plaintiff and the decedent would be harmed by injury to the decedent. *See Fitzjerrell*, 2003-NMCA-125, ¶ 14, 79 P.3d at 841. Neither Plaintiff can make the requisite factual showing to satisfy the first element. The Supreme Court of New Mexico has adopted an eight-factor test to aid the trial court in deciding "whether an intimate familial relationship exists" giving rise to a loss of consortium claim; specifically,

> (i) the duration of the relationship, (ii) the degree of mutual dependence, (iii) the extent of common contributions to a life together, (iv) the extent of shared experience, (v) whether the plaintiff and the injured person were members of the same household, (vi) their emotional reliance on each other, (vii) the particulars of their day to day relationship, and (viii) the manner in which they related to each other in attending to life's mundane requirements.

*Williams*, 2014 WL 4351533, at *11 (quoting *Lozoya v. Sanchez*, 2003-NMSC-009, ¶ 27, 66 P.3d 948, 957 (internal brackets omitted), *abrogated on other grounds by Heath v. La Mariana Apartments*, 2008-NMSC-017, 180 P.3d 664). Further clarifying the *Lozoya* factors, New

Mexico's Supreme Court confirmed that "mutual dependence is the key element[]" in *Wachocki v. Bernalillo Cnty. Sheriff's Dept.*, 2011-NMSC-039, ¶ 10, 265 P.3d 707, 704.

Citing the closest analog to the instant case, the *Wachocki* court pointed to another New Mexico case where the court recognized a grandparent's loss of consortium claim because the grandparent "shared a household with the granddaughter she lost and acted as the child's caretaker." *Id.* (citing *Fernandez v. Walgreen Hastings Co.*, 1998-NMSC-039, ¶¶ 4, 32, 968 P.2d 774). In *Fernandez,* a twenty-two-month-old child began to suffocate in her grandmother's arms on the way to the hospital and died two days later. 1998-NMSC-039, ¶ 5, 968 P.2d at 777. The court recognized that the grandmother in *Fernandez* could show that the type of relationship she had with her granddaughter met the elements of loss of consortium under New Mexico law: The child had been living with her grandmother, who had been her daily caretaker for six months, "a significant period of time prior to the … death." *Id.* ¶ 31, 968 P.2d at 784.

In this case, neither Plaintiff had an opportunity to establish the type of close, mutually dependent relationship contemplated by court in *Lozoya* or *Wachocki*. The short duration of Baby Tolbert's life does not give rise to damages based on the loss of an established relationship. Though it is to be expected that the death of a newborn shortly after birth will be deeply upsetting for her parents, that fact alone does not give rise to damages for loss of consortium. New Mexico law is clear that loss of consortium compensates a plaintiff for the loss of the mutually dependent relationship with the decedent on which they both relied. *See* NMRA Civ. UJI 13-1810A. Here, Baby Tolbert lived for only three hours. UMF 1-2. Plaintiff Suina saw Baby Tolbert for no more than a few minutes after the cesarean section delivery, before the tubal ligation procedure, and was not present when she died. UMF 3-4. Plaintiff Tolbert was not at the hospital at the time of the birth and did not see Baby Tolbert before she died. UMF 5. Plaintiffs had no opportunity to form

9

the type of relationship that is contemplated under New Mexico law permitting loss of consortium claims. For this reason, the United States is entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss Plaintiff Charlene Suina's and Plaintiff Philip Tolbert's loss of consortium claims for failure to state claims upon which relief can be granted, or in the alternative, grant summary judgment on their loss of consortium claims.

Respectfully Submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Elizabeth M. Martinez 5/14/21*
ELIZABETH M. MARTINEZ
CHRISTINE LYMAN
KIMBERLY BELL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1469 | (505) 224-1532
elizabeth.martinez@usdoj.gov
christine.lyman@usdoj.gov
kimberly.bell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Elizabeth M. Martinez 5/14/21*
ELIZABETH M. MARTINEZ
Assistant United States Attorney