IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF ROSE SKY TOLBERT,
by and through Personal Representative,
THEODORE BARUDIN, ESQ., and
PHILLIP TOLBERT AND CHARLENE
SUINA, Individually,

                Plaintiffs,

      v.                                                  19-CV-830 JB/LF

THE UNITED STATES OF AMERICA,

                Defendant.

**UNITED STATES' NOTICE OF NON-APPEARANCE AND MOTION TO QUASH
SUBPOENA OR FOR PROTECTIVE ORDER (HOLLY RAINIER, R.N.)**

      Defendant United States of America, by undersigned Government counsel, gives notice that nonparty witness Holly Rainier, R.N. will not appear for a deposition on July 25, 2021, as directed by Plaintiffs' *Notice of Oral and Videotaped Deposition Duces Tecum of Holly Rainer* (sic), *RN* (Deposition Notice), which was served by email on June 25, 2021. Based on the good cause demonstrated below, the United States respectfully moves this Court pursuant to Fed. R. Civ. P. 26(c)(1) for the issuance of a protective order barring Plaintiffs from taking Ms. Rainier's deposition. Plaintiffs served a subpoena for Ms. Rainier's deposition along with the Deposition Notice, which the United States moves to quash for the same reasons described below in seeking a protective order. *See* Fed. R. Civ. P. 45(d)(3).

      Government counsel has attempted in good faith to resolve the issues raised herein as required by Fed. R. Civ. P. 26(c)(1). Pursuant to D.N.M. LR-Civ. 7.1(a), on July 8, 2021, Government counsel notified Plaintiffs' counsel of the United States' intention to file this motion. Plaintiffs are opposed.

## RELEVANT FACTUAL BACKGROUND

1.     In their Complaint to Recover Damages for Wrongful Death and Loss of Consortium Arising from Medical Negligence (Complaint), Plaintiffs allege that the medical providers at Gallup Indian Medical Center (GIMC) were negligent in their treatment of Plaintiff Charlene Suina during the labor and birth of Rose Sky Tolbert (Baby Tolbert), resulting in the death of the infant approximately two hours after her birth on September 10, 2017. Doc. 1.

2.     Regina Williams, R.N. cared for Plaintiff Suina after she was admitted to GIMC and cared for Baby Tolbert immediately after her birth. Plaintiffs allege that Ms. Williams' care of Baby Tolbert fell below a reasonable standard of medical care, contributing to the death of Baby Tolbert. Doc. 1 ¶ 14.

3.     On October 28, 2020, Plaintiffs' counsel took Ms. Williams' deposition. Plaintiffs' counsel questioned Ms. Williams almost exclusively about another, unrelated event involving a stillborn infant on or about October 27, 2018—over a year after the death of Baby Tolbert—and an unsubstantiated complaint to the New Mexico Board of Nursing ("Nursing Board complaint") that followed. *See* Deposition of Regina Williams, R.N., October 28, 2020 attached as Ex. A, 14:2-19:21.

4.     During her deposition, Ms. Williams explained that the unsubstantiated Nursing Board complaint had been submitted to the New Mexico Board of Nursing by her then-supervisor, Holly Rainier, R.N. *Id*. at 15:13-15:21.

5.     The Nursing Board complaint concerned Ms. Williams' documentation in the medical record of the stillborn infant; in particular, it alleged that Ms. Williams inappropriately added to and changed documentation in a patient's medical record six days after the date that Ms. Williams provided care to the patient. *See* New Mexico Board of Nursing Complaint Form,

2

December 14, 2018, attached as Ex. B. It noted that Ms. Williams made the changes to the medical record after finding handwritten notes in her pocket. *Id.* The Nursing Board complaint did not allege that Ms. Williams acted inappropriately in caring for the mother or the stillborn infant; rather, it alleged that a medication error was made by another nurse before Ms. Williams' shift. *Id.*

6.      Plaintiffs' counsel questioned Ms. Williams extensively about the incident during her deposition and Ms. Williams did not dispute the essence of the allegations made in the Nursing board complaint; that is, that she made a late entry into the medical record of the unrelated patient after finding notes in her scrubs. *See* Ex. A at 68:11-71:3.

7.      The Nursing Board complaint to the New Mexico Board of Nursing, which was submitted on December 14, 2018, resulted in no discipline against Ms. Williams. *See* New Mexico Board of Nursing Verification Report, July 7, 2021, attached as Ex. C. The Board of Nursing subsequently renewed Ms. Williams' nursing license without restriction. *Id.*

8.      Ms. Rainier had no role in the care of either Plaintiff Charlene Suina or Baby Tolbert, and her name appears in no medical record or other documentation related to their care.

9.      Ms. Rainier has not been disclosed by any party in their required disclosures under Fed. R. Civ. P. 26(a)(1), in any supplement thereto, nor in the parties' Joint Status Report. Doc. 115 at 6, 15-16; Doc. 28.

10.     On June 25, 2021, Plaintiffs served Government counsel with notices of depositions *duces tecum* and subpoenas for several witnesses, including Ms. Rainier. *See* Notice and Subpoena for Holly Ranier (sic), attached as Ex. D.

11.     Plaintiffs requested four hours for Ms. Rainier's deposition. *See* Email from Julia Coulloudon, June 17, 2021, attached as Ex. E.

12.     Ms. Rainier's deposition notice instructs her to bring the following documents to her deposition:

1.      Any notes and documents you have made concerning Charlene Suina and/or Rose Tolbert or this case;

2.      Copies of all electronic or written communications you have had with anyone other than your lawyer regarding Charlene Suina and/or Rose Tolbert.

3.      Your original medical file regarding Charlene Suina and/or Rose Tolbert.

4.      Any documents that you have reviewed concerning Charlene Suina and/or Rose Tolbert or this case that me (sic) be referenced in your deposition.

5.      Most recently updated professional resume or curriculum vitae concerning your qualifications.

6.      A complete copy of your professional licensure file.

*See* Ex. D. Ms. Rainier's subpoena directs her to bring the documents described in her Deposition Notice to her deposition. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(1) imposes a duty on the party or attorney issuing and serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," as well as a duty on the Court to "enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." Federal Rule of Civil Procedure 45(d)(3)(A) requires the Court to quash a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies;[1]  or (iv) subjects a person

---

[1] Given Plaintiffs' questions of Ms. Williams during her deposition, it is anticipated that any questioning of Ms. Rainier would further delve into the circumstances of the stillborn infant born more than a year after the death of Baby Tolbert. Any examination of the circumstances of the

to undue burden." "The party . . . moving to quash a subpoena has the burden to demonstrate good cause and/or privilege to be protected." *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005) (Browning, J.).

Rule 26(c) of the Federal Rules of Civil Procedure provides the Court with broad discretion, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This discretion includes orders forbidding the requested discovery altogether. *Id*. R. 26(c)(1)(A). The party seeking the protective order bears the burden of showing good cause. *See New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 429 F. Supp. 3d 996, 1007 (D.N.M. 2019) (Browning, J.).

## ARGUMENT

Holly Rainier, R.N., has not been disclosed by any party in their required disclosures under Fed. R. Civ. P. 26(a)(1) or any supplement thereto. Ms. Rainier had no role in the medical care and treatment provided to Baby Tolbert and/or Plaintiff Suina. Ms. Rainier's name was not associated with this case until the October 28, 2020 deposition of Regina Williams, R.N., a nurse who cared for Plaintiff Suina and Baby Tolbert. During her deposition, Ms. Williams identified Ms. Rainier as the supervisor who had filed a complaint against Ms. Williams with the New Mexico Board of Nursing related to an event involving a different patient that occurred in October or November 2018, more than one year after the death of Baby Tolbert. *See* Ex. A at 15:20-16:6. Plaintiffs' counsel's stated purpose of interrogating Ms. Williams about this unrelated event and

---

unrelated stillbirth is likely to violate the privacy rights of the mother and stillborn infant pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, 45 CFR Parts 160 and 164. The complaint also references the preparation of materials for and a discussion arising in a Root Cause Analysis, part of GIMC's medical quality assurance program, and Ms. Rainier would be prohibited from testifying regarding anything arising from the Root Cause Analysis pursuant to 25 U.S.C. § 1675(b) and (c). *See* Ex. B.

subsequent unsubstantiated complaint to the Board of Nursing was because her "credibility is in question." *Id*. at 26:11-26:15. The Board of Nursing issued no discipline against Ms. Williams and her New Mexico nursing license remains active through February 28, 2023. *See* Ex. C.

Ms. Williams' credibility is not in question; there has been no evidence to suggest that she has made any untruthful statement or that her character is untrustworthy. The unsubstantiated complaint made against Ms. Williams by Ms. Rainier alleges that that Ms. Williams inappropriately made changes to a patient's electronic medical record after finding handwritten notes about the patient in the pocket of her scrubs several days after caring for the patient. *See* Ex. B. Ms. Williams was questioned by ambush about this unrelated event during her deposition in this case and testified extensively about the circumstances. *See* Ex. A at 19:11-21. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct or in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Even if Ms. Rainier's allegations against Ms. Williams had resulted in discipline by the Board of Nursing, they still would not be admissible evidence against her in this litigation to impugn Ms. Williams' character or prove liability.

The documents that Plaintiffs requested Ms. Rainier to bring to her deposition also demonstrate that Plaintiffs have no good faith basis to seek her testimony. Her Deposition Notice seeks documents that are identical to the documents that have been sought for witnesses who were involved in the care of Plaintiff Suina and Baby Tolbert even though it is undisputed that Ms.

Rainier had no role in providing care for either patient. *See* Ex. D. 2 There is no evidence whatsoever to suggest that Ms. Rainier has any unique knowledge – or any knowledge at all – about the facts or circumstances related to the birth or death of Baby Tolbert. Plaintiffs' Deposition Notice misleadingly suggests that it is a good faith inquiry into the facts of Plaintiffs' case when the clear purpose is to excavate allegations stemming from an unrelated event that occurred more than a year after the death of Baby Tolbert.

"The court may, for good cause, issue an order to protect a party or person from annoyance …or undue burden or expense… [,]" including issuing an order forbidding discovery. Fed. R. Civ. P. 26(c)(1). While information sought in discovery "need not be admissible in evidence in order to be discoverable," a party's query in discovery must be "relevant to any party's claim or defense, and proportional to the needs of the case …[.]" Fed. R. Civ. P. 26(b)(1). Plaintiffs should not be permitted to require Ms. Rainier to bear the undue burden of a *duces tecum* deposition about an event in which she had no role, nor should they be able to increase the costs of the litigation to explore irrelevant, inadmissible lines of questioning. For these reasons, there is good cause for the Court to issue a protective order prohibiting Plaintiffs from taking Ms. Rainier's deposition.

---

2 *See, e.g.,* Notices for February 21, 2021 deposition of Kizzie Ricks, CNM, and July 21, 2021 deposition of Donna Brigle-Day, R.N., attached as Exs. F and G, respectively, each of which includes an identical *duces tecum* request.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court quash the

subpoena or issue a protective order preventing Plaintiffs from deposing Holly Rainier, R.N.

Respectfully Submitted,

FRED J. FEDERICI
Acting United States Attorney


*/s/ Elizabeth M. Martinez 7/9/21*
ELIZABETH M. MARTINEZ
CHRISTINE LYMAN
KIMBERLY BELL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1469 | (505) 224-1532
elizabeth.martinez@usdoj.gov
christine.lyman@usdoj.gov
kimberly.bell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.


*/s/ Elizabeth M. Martinez 7/9/21*
ELIZABETH M. MARTINEZ
Assistant United States Attorney