IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF ROSE SKY TOLBERT,
by and through Personal Representative
THEODORE BARUDIN, ESQ., and
PHILLIP TOLBERT and CHARLENE SUINA, Individually,

    Plaintiffs,

v.                                               CIVIL NO. 1:19-CV-00830-JB/LF

THE UNITED STATES OF AMERICA,

    Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO UNITED STATES' NOTICE OF
NON-APPEARANCE AND MOTION TO QUASH SUBPOENA OR
FOR PROTECTIVE ORDER (HOLLY RAINIER, R.N.)**

---

    COME NOW Plaintiffs, by and through their attorneys of record, Curtis & Co. Law Firm, and hereby submit their Response in Opposition to *United States' Notice of Non-Appearance and Motion to Quash Subpoena or for Protective Order (Holly Rainier, R.N.)* (Doc. 172). Plaintiffs state as follows:

    **I.    RELEVANT FACTUAL BACKGROUND**

    On October 28, 2020, Plaintiffs' counsel took the deposition of Regina Williams, R.N., one of the Gallup Indian Medical Center nurses involved in the treatment provided to Charlene Suina and Baby Rose Sky Tolbert. It was determined in the deposition that Holly Rainier, RN was Nurse Williams' supervisor. During the deposition Ms. Williams was questioned regarding her involvement in an additional infant death incident at GIMC. Ms. Williams' supervisor, Holly Rainier, RN, reported Ms. Williams to the New Mexico Board of Nursing for her conduct concerning this baby, including lying and falsifying information in a child's medical records.

1

Plaintiffs subsequently requested the deposition of Holly Rainer, RN, which was blocked by Defendants' counsel.

Plaintiffs filed their *Motion to Extend Discovery and Expand Number of Depositions* (Doc. 113) which was granted by the Court on June 15, 2021. The Court found that that the deposition of Ms. Rainier is relevant to the case. (*See* Exhibit "1" Transcript of Omnibus Hearing before the Honorable James O. Browning, commencing on June 15, 2021). "**But lying in your medical reports is pretty big dirt; right? That's stuff you'd want. You've got a nurse lying in the medical records. That's pretty big dirt.**" (Exhibit "1" at 92:5-8) (emphasis added). The Court specifically stated, "**these depositions are warranted** and the plaintiff has shown good cause, so I'll grant the motion." (Exhibit "1" at 108:4-7) (emphasis added).

On June 25, 2021, after working with Defendant's counsel to find a mutually agreeable date, Plaintiffs served a subpoena and notice of deposition duces tecum for Ms. Rainier to sit for deposition on July 25, 2021. (Doc. 172-4). On July 9, 2021, Defendant filed the present Notice of Non-Appearance and Motion to Quash Subpoena or for Protective Order (Doc. 172). Defendant willfully ignored the clear statements made by this Court that this deposition is warranted, and chose to again waste time filing a frivolous motion in an attempt to prevent the deposition of an important witness. Ms. Rainier's supervisory role over a key medical provider in this case and the supportive statements made by the Court in the June 15 hearing justify the deposition of Ms. Rainier taking place.  Defendant's Motion (Doc. 172) should be denied, and Plaintiffs should be permitted to take the deposition of Holly Rainier, RN.

II.    **AUTHORITY & ARGUMENT**

    a.  Rule 26

Federal Rule of Civil Procedure 26(b)(1) provides that the scope of discovery should be "broadly and liberally construed to achieve the full disclosure of all potentially relevant information." *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) (Browning, J.). Rule 26 allows for parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). Information sought "need not be admissible in evidence to be discoverable." *Id*. This broad scope of discovery recognizes that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

    Federal Rule of Civil Procedure 26(c)(1) states that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

The party seeking a protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co v. Bernard*, 452 U.S. 89, 102 (1981).

    Here, Defendant has failed to demonstrate good cause warranting the entry of a protective order for the deposition of Holly Rainier, RN. First and foremost, Defendant cannot certify that it conferred in good faith with Plaintiffs. Defendant sent Plaintiffs an email telling them that a motion for a protective order would be filed. Plaintiffs have already had this argument with Defendant's counsel in Court. Nurse William's credibility is in question, as is her negligence in

3

the care of the child patients she is responsible for. The deposition of Holly Rainier, RN is warranted in particular regarding Nurse Williams' involvement in the death of another baby. Plaintiffs maintain their position. The Court's statements regarding the relevance of this deposition, one would think, would keep this Motion from being filed. Defendant's emails regarding the intention to file a motion for protective order is not a good faith attempt to resolve the issue without court action, and it is improper for Defendant to categorize it as such. As the Court found, Ms. Rainier's deposition is relevant.

Defendant also makes several irrelevant arguments about why Ms. Rainier should not sit for a deposition including that the rules of evidence do not allow evidence on witness character traits. Ms. Williams' credibility and work as a nurse are always relevant. Ms. Williams' credibility and her ability as a nurse that was charged with the care of Baby Tolbert goes to the very core of what this case is about. Credibility is at issue for every witness. Ms. Williams is no exception. Defendant also attempts to take on the role of the fact finder when it states, "there has been no evidence to suggest that she made any untruthful statement or that her character is untrustworthy." (Doc. 172, at 6). This is just false. Defendant misunderstands its role when it attempts to characterize evidence. "It is the jury's exclusive province to assess the credibility of witnesses and determine the weight given to their testimony." *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145 (10th Cir. 1992). In this FTCA case, that assessment is the Court's province. Plaintiffs must be permitted to depose Holly Rainier, RN regarding her supervision of Regina Williams, RN. Defendant's Motion (Doc. 172) should be denied.

    b. **Rule 45(d)(3)(A)**

Federal Rule of Civil Procedure 45(a)(1)(A)(iii), allows a party to command a person to attend and testify at a deposition. Under Rule 45(d)(3)(A), a court "must quash or modify a

subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." A determination of undue burden "requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Abila v. Funk*, CIV 14-1002 JB/SV, 2016 WL 5376323, at *6 (D.N.M. Sept. 20, 2016). The party moving to quash a subpoena has the burden to show "good cause or privilege to be protected." *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014).

A subpoena under Federal Rule of Civil Procedure 45 is "subject to the same discovery limitations as those set out in Rule 26." *Nelson v. State Farm Fire and Cas. Co.*, CV 19-907 RB/KK, 2020 WL 7248186, at *4 (D.N.M. Dec. 9, 2020) (citing *Quarrie v. Wells*, Civ. No. 17-350 MV/GBW, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020)). Rule 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This broad definition of discovery "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M.2007) (Browning, J.)) (quoting *Bd. of Trustees of Leland Stanford Junior U. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 621 (N.D. Cal. 2006).

Here, Defendant has failed to address any of the factors listed under Rule 45(d)(3)(A) requiring a showing of good cause to quash the subpoena issued to Holly Rainier, R.N. Plaintiffs, on the other hand, have diligently followed the requirements of Rule 45. Ms. Rainier was given a full month notice of her required appearance and the deposition is to take place virtually from a

location of her choosing. Defendant baselessly argues that Ms. Rainier's deposition will require revealing privileged information, but this argument is without foundation. Plaintiffs are well aware of what privileged information cannot be disclosed. Further, Defendant is more than capable of making a privilege objection at the deposition itself which is the usual standard.

The deposition of Ms. Rainier will not pose an undue burden on herself or the Defendant. In fact, Plaintiffs will be greatly burdened if they are not able to take the deposition of an important witness who can testify to the credibility of Ms. Williams who was directly involved with the delivery and care of Baby Rose Sky Tolbert. Defendant was aware that additional witnesses would be identified as depositions took place, and as this is how all cases unfold, it should come as no surprise. Additionally, the Court addressed this exact scenario in the June 15, 2021 hearing when it stated:

> The [P]laintiff was right and more depositions were needed. So I'm going to grant the motion and grant the additional discovery. It's without prejudice to the [P]laintiff challenging these individuals. I'm going on what the [P]laintiffs' needs are. It looks reasonable to me. I don't have any reason to think these depositions are not available.

(Exhibit "1" at 107:6-13).

### III. CONCLUSION

The deposition of Holly Rainier, R.N. is highly relevant to the credibility and conduct of the negligent nurse in this case. Defendant's counsel has not acted in good faith to confer with Plaintiffs' counsel to resolve this dispute without court action. *See* Fed. R. Civ. P. 26(c)(1). Defendant has deliberately ignored the Court's prior ruling that this deposition is warranted and relevant and filed their baseless motion to yet again attempt to block Plaintiffs' access to witnesses. Defendant has likewise failed to demonstrate good cause, or any annoyance, embarrassment, oppression, undue burden, or expense that would result from taking Ms. Rainier's deposition. *See* Fed. R. Civ. P. 26(c)(1).

WHEREFORE, Plaintiffs respectfully request the Court enter an order denying *United States' Notice of Non-Appearance and Motion to Quash Subpoena or for Protective Order (Holly Rainier, R.N.)* (Doc. 172) and for any further relief the Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

*Attorneys for Plaintiffs*
CURTIS & CO.
215 CENTRAL AVENUE NORTHWEST
THIRD FLOOR
ALBUQUERQUE, NM 87102
T  505-243-2808  F  505-242-0812
lisa@curtislawfirm.org
julia@curtislawfirm.org

Electronically signed
*/s/ Lisa K. Curtis*
Lisa K. Curtis
Julia G. Coulloudon

</div>